UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BRANDON T. GATES,

    Petitioner,

v.

PATTI COLE-TINDALL,

    Respondent.

CASE NO. 2:24-cv-00014-KKE-BAT

**REPORT AND RECOMMENDATION**

Petitioner, Brandon T. Gates, is a pre-trial detainee[1] at the King County Jail. He has filed a *pro se* 28 U.S.C. § 2241 federal habeas petition alleging 1) his arrest and detention violate the Fourth Amendment; 2) the information charging him with felony criminal charges violates his right to a Grand Jury Indictment; and 3) RCW 10.99 which regards domestic no-contact orders violates the Fifth and Fourteenth Amendments.

Under Rule 4 of the Rules Governing § 2254 cases, the Court must perform a preliminary review of a habeas petition and should dismiss the petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 also applies to habeas petitions brought under § 2241. *See* Rule 1(b) of the Rules Governing

---

[1] According to the King County Jail Website, Petitioner is pending trial for Felony Violation of a No-Contact Order-Domestic Violence, RCW 10.99.040. *See* https://dajd-jms.powerappsportals.us/public/subject-lookup/

REPORT AND RECOMMENDATION - 1

Section 2254 cases ("The district court may apply any and all of these rules to a habeas corpus petition not covered" by 28 U.S.C. § 2254.).

Having reviewed the habeas petition, the Court recommends abstaining from interfering with Petitioner's on-going state criminal prosecution and DISMISSING the habeas petition without prejudice. The Court further finds no amendment will alter the fact the Court should abstain, and thus recommends denying leave to amend the petition as futile.

## DISCUSSION

### A.   Habeas Grounds for Relief Presented

Petitioner raises three grounds for relief and attached a Memorandum of Law in support. Dkt. 5. Grounds for relief one and three, allege Petitioner was unlawfully arrested in violation of the Fourth Amendment. In support, he contends he was arrested for violating a no-contact order under RCW 10.99 and his arrest lacked probable cause because RCW 10.99 is unconstitutional. *See* Dkt. 5, Memorandum at 2. Petitioner claims the Washington legislature cannot "turn an order" issued by a court into a crime. *Id.* Petitioner also contends RCW 10.99 is unlawful because it is one-sided Court order that protects alleged victims but not accused persons such as Petitioner.

Ground two alleges the criminal information charging Petitioner with felony criminal charges violates Petitioner's right to a Grand Jury Indictment. In support, Petitioner contends the United States Constitution guarantees him the right to be charge in a felony case only by a Grand Jury. *See* Memorandum at 3. Petitioner further claims the alleged victim in his case is maliciously prosecuting him and using RCW 10.99 to "shield herself." *Id.* at 4.

**B.**     **Abstention Doctrine in Pending State Criminal Cases**

Petitioner seeks § 2241 habeas relief as to his pending state criminal case. A federal court, however, must normally abstain from interfering in a pending state criminal prosecution. *See Carden v. Montana*, 626 F.2d 82, 83-84 (1980), cert. denied, 449 U.S. 1014 (1980); *see also Younger v. Harris*, 401 U.S. 37, 43-54 (1971). Principles of comity and federalism require a federal court to abstain and not entertain a pre-trial habeas challenge unless the petitioner shows: (1) he has exhausted available state judicial remedies, and (2) "special circumstances" warrant federal intervention. *Id.*

The special circumstances that may warrant federal habeas intervention before a state trial and conviction include proven harassment, bad faith prosecutions and other extraordinary circumstances where irreparable injury can be shown. Petitioner's request for habeas relief flow from the contention that his arrest and the charges he faces are based upon an unconstitutional criminal statute, RCW 10.99. But testing the constitutionality of a statute "on its face" as Petitioner appears to do here is as the Court in *Younger* stated "fundamentally at odds with the function of the federal courts in our constitutional plan." *Younger*, 401 U.S. at 52. Hence Petitioner's challenge does not involve special circumstances but instead a challenge to the criminal statute for which he is charged; such a challenge can and should be presented to the state court presiding over Petitioner's case.

The Court further finds Petitioner has failed to establish there are any other special circumstance that would warrant federal intervention before his criminal trial is held and any appeal is completed. The § 2241 habeas petition alleges Petitioner was placed into the custody of the King County Jail on October 29, 2023, and the jail's records indicate he is pending trial for a felony violation of a no-contact order. As noted above, Plaintiff's claims RCW 10.99 is

REPORT AND RECOMMENDATION - 3

unconstitutional and that he was therefore arrested without probable cause are challenges he can raise in the state criminal courts.

Additionally federal courts are normally barred from considering a habeas petitioner's claim the Fourth Amendment was violated if the petitioner has or can have a "full and fair opportunity" to litigate his Fourth Amendment claims in the state courts. *See Newman v. Wengler*, 790 F.3d 876, 880 (9th Cir. 2015). "The relevant inquiry is whether petitioner had the opportunity to litigate his claim, not whether he did in fact do so or even whether the claim was correctly decided." *Ortiz–Sandoval v. Gomez*, 81 F.3d 891, 899 (9th Cir.1996). Thus, if Petitioner wishes to litigate whether he was arrested without probable cause, or whether RCW 10.99 is an unlawful statute, he can do so in the King County Superior Court.

Further, Petitioner's contention his federal constitutional rights were violated because he was not charged in the state court by Grand Jury Indictment is meritless. It has long been settled that there is no denial of Federal Constitutional rights involved in the substitution of the prosecuting attorney's criminal information for the grand jury's indictment. *Hurtado v. People of State of California*, 110 U.S. 516 (1884) (Rejecting claim that grand jury indictment is essential to due process and that it is a violation of the Fourteenth Amendment for a state to prosecute a defendant by criminal information). Thus, the fact Petitioner was charged by information does not constitute a federal violation.

Accordingly, the Court should abstain from interfering with Petitioner's pending criminal case and order his release or dismiss the pending state charges, and instead should dismiss the habeas petition without prejudice. *See Carden*, 626 F.2d at 84. The alleged constitutional violations that petitioner raises are matters that can and should be addressed in the first instance

REPORT AND RECOMMENDATION - 4

by the trial court, and then by the state appellate courts, before petitioner seeks a federal writ of habeas corpus.

The Court further recommends leave to amend be denied. No amendment would alter the fact Petitioner seeks relief from pending criminal charges, Petitioner could litigate his claims in the state courts, the Court should thus abstain from interfering with the state charges, and that Petitioner's Fourth Amendment unlawful arrest, and right to Grand Jury Indictment claims both lack merit and are not grounds for federal habeas relief.

**OBJECTIONS AND APPEAL**

This Report and Recommendation is not an appealable order. Therefore, Plaintiff should not file a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed no later than **January 26, 2024.** The Clerk should note the matter for **January 26, 2024**, as ready for the District Judge's consideration. The failure to timely object may affect the right to appeal.

DATED this 11th day of January, 2024.

BRIAN A. TSUCHIDA
United States Magistrate Judge