1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRANDON T GATES,<br>　　　　　　　Plaintiff(s),<br>v.<br><br>PATTI COLE-TINDALL,<br>　　　　　　　Defendant(s). | CASE NO. C24-0014-KKE<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING CASE |

　　　　This matter comes before the Court on Magistrate Judge Brian Tsuchida's report and recommendation ("R&R") to dismiss this case without prejudice. Dkt. No. 6. The Court has reviewed Mr. Gates's timely objections to the R&R (Dkt. No. 7), and the remaining filings in this case. After de novo review and for the reasons provided below, the Court adopts the R&R and dismisses this case without prejudice.

　　　　Mr. Gates filed a petition for writ of habeas corpus under 28 U.S.C § 2241(c)(3) claiming he is incarcerated in violation of the Fourth, Fifth, and Fourteenth Amendments because the state statute he was arrested for violating (Wash. Rev. Code § 10.99) is unconstitutional. Dkt. No. 5. The R&R thoroughly explains that pursuant to the doctrine articulated in *Younger v. Harris*, 401 U.S. 37, 43–54 (1971), federal courts "must normally abstain from interfering in a pending state criminal prosecution." The R&R further concludes that none of the exceptions to the *Younger* abstention doctrine apply to this case. Dkt. No. 6 at 3–5.

ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING CASE - 1

In response, Mr. Gates reargues that Wash. Rev. Code § 10.99 is invalid (*id.* at 4–6) and that he has been denied the right to a grand jury (*id.* at 6–10). The R&R addressed each of these arguments and explained why neither warranted an exception from the *Younger* abstention doctrine. *See* Dkt. No. 6 at 3–4. Mr. Gates also states that he cannot be given a "full and fair opportunity" to be heard in the state court "because the Custody is already in violation of the Petitioner's Federal Protected Guaranteed rights." Dkt. No. 7 at 11. This is not evidence of an "extraordinary circumstance," like harassment or bad faith, which would indicate the need for a federal court to intervene in a pending criminal proceeding. *Younger*, 401 U.S. at 53–54.

The Court agrees that "the alleged constitutional violations that petitioner raises are matters that can and should be addressed in the first instance by the [state] trial court, and then by the state appellate courts, before petitioner seeks a federal writ of habeas corpus." Dkt. No. 6 at 4–5.

Accordingly, the Court adopts the R&R (Dkt. No. 6) and dismisses the case without prejudice. The Clerk is directed to send copies of this Order to Plaintiff and to Judge Tsuchida.

Dated this 28 day of February, 2024.

Kymberly K. Evanson
United States District Judge

ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING CASE - 2